```
UNITED STATES DISTRICT COURT                              NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JAMAL A. AZEEZ,

                    Plaintiff,                            MEMORANDUM
                                                          AND ORDER
     -against-

UNITED STATES OF AMERICA; UNITED STATES                   10-CV-3591 (JG) (MDG)
POSTAL SERVICE EMPLOYEES (USPS); JOHN
DOES,

                    Defendants.
----------------------------------------------------------------X
```

JOHN GLEESON, United States District Judge:

  Jamal A. Azeez, proceeding *pro se*, filed this "complaint for loss of property through negligence" against the United States, employees of the United States Postal Service and unidentified John Does for damages sustained as a result of undelivered mail. Specifically, he alleges that the Postal Service failed to deliver a package containing a laptop computer and printer that he mailed from the post office in Ozone Park, New York on June 23, 2009. I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order.[1] I find that sovereign immunity precludes this action and therefore dismiss it.

  Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state

---

[1] Plaintiff mentions in paragraph 8 of his request to proceed *in forma pauperis* that he has had difficulty finding and retaining employment due to a criminal conviction. Although plaintiff does not have a federal claim, he is advised that he may wish to inquire as to administrative remedies for employment discrimination under the New York State Executive Law, Art. 15, § 296.15 with the New York Division of Human Rights.

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing plaintiff's complaint, I am mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Sovereign immunity precludes suits against the United States and its agencies unless Congress expressly abrogates that immunity by statute. *See Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999). In this instance, the Federal Tort Claims Act ("FTCA") is the exclusive means for a plaintiff to recover damages against a federal agency "for injury or loss of property . . . resulting from the negligent or wrongful act or omission" of agency employees acting within the scope their employment. 28 U.S.C. § 2679(b)(1). The FTCA explicitly leaves sovereign immunity undisturbed for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). However, if the plaintiff contracts with the Postal Service to send the package via registered mail, he or she may have a breach of contract claim that is not precluded by sovereign immunity.[2] *See, e.g., McBride v. United States Postal Serv.*, 07-CV-0446, 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007).

Plaintiff's claim is in the category of claims for which the United States retains sovereign immunity. Nothing in the complaint suggests that plaintiff contracted with the Postal

---

[2] In order for the USPS to be liable under a contract theory, a party seeking to recover for the loss of registered mail must exhaust all "administrative remedies available under the postal regulations before commencing [his] action [in district court]." *Djordjevic v. United States Postal Serv.*, 911 F. Supp. 72, 75 (E.D.N.Y.1995)

Service to have the package sent via registered mail. On the contrary, the plaintiff states that he mailed the package "like ordinary mail without adding insurance and other mailing options," and that he did not "add receipt confirmation to the cost of mailing." Compl. ¶¶ 4 & 11.

Accordingly, sovereign immunity bars this action and it is dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 19, 2010
      Brooklyn, New York